# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 11-43-BLG-JDS** |
| **Plaintiff,** | |
| **vs.** | **ORDER** |
| **JOSEPH MATTEW BALLANTYNE,** | |
| **Defendant.** | |

## Introduction

Presently before the Court is Joseph Matthew Ballantyne's (Defendant) Motion to Dismiss. *Doc. 19.* Defendant is charged in a one-count indictment for failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250(a). That charge stems from a prior conviction for sexual assault in the second degree in the State of Colorado.

Defendant reasons that the indictment should be dismissed because the Colorado conviction is not a "sex offense" as defined by 42 U.S.C. § 16911. To that

end, Defendant states that there is no identical federal statute compared to the Colorado State statute. Further, Defendant argues that the Government can not prove exactly which subsection of the Colorado statute he was convicted of violating.

The Government counters that, under the categorical approach, the Colorado statute is a "categorical match" of the federal statute enabling its use as a predicate offense.

## Discussion

This Court is charged with determining whether Ballantyne's conviction of second degree sexual assault in violation of Colorado Revised Statutes (CRS) §18-3-403 qualifies as a predicate offense sufficient to trigger SORNA. The Court has determined that under the categorical approach it does.

To determine whether there is a categorical match, Courts compare the state statute of conviction to the federal predicate offense. See *Taylor v. United States*, 495 U.S. 575, 588-89 (1990). In other words, if all the conduct for which someone could be convicted under state statute falls within the federal offense, there is a categorical match. *Takapu v. Holder*, 356 Fed.Appx. 17, 18 (9th Cir. 2009).

In this case, Ballantyne's Colorado state conviction required that a defendant must commit a "sexual penetration or sexual intrusion" as an essential element, regardless of the particular subsections of that statute.

As the Government points out, 42 U.S.C. § 16911(5)(A)(i) defines "sex

offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another." The Court finds that the "sexual penetration or intrusion" element of CRS § 18-3-403 is subsumed by the federal definition of sex offense under § 16911(5)(A)(i) , is a categorical match, and qualifies as a predicate offense under SORNA.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss Indictment (Doc. No. 19) is **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 5th day of August, 2013.

/s/ Jack D. Shanstrom
JACK D. SHANSTROM
Senior U.S. District Judge